Dear Mr. Lorraine:
This office received your opinion request dated August 23, 2000, in which you present the following issues for our review:
1) What are the intent and/or purpose of a resolution?
2) Must the Lafourche Parish President (President) honor every resolution adopted by the Lafourche Parish Council (Council)?
3) Was Resolution No. 00-018-A properly adopted by the Council in accordance with Chapter Article II, Section A (12)(f) of the Lafourche Parish Home Rule Charter (Charter)?
4) Was it proper to appoint the Lafourche Parish Council Clerk (Clerk) by resolution?
5) Was it proper to provide the Clerk with a Parish vehicle and benefits through resolution?
6) Must the President supply the Clerk with a Parish vehicle?
7) Must the President reimburse the Clerk for mileage from home to work and to meetings as well as for maintenance on his own vehicle until the Parish vehicle is provided?
The Lafourche Parish Home Rule Charter (Charter or LPHRC) along with other information provided by the Lafourche Parish Council (Resolution No. 00-018-A, minutes from the Lafourche Parish Council meetings on February 8, 2000 and August 8, 2000, a sample mileage report, letters from Joel Pierce to Sidney Bonvillian and Randy Tabor dated August 8, 2000, return correspondence from Randy Tabor to Joel Pierce dated August 24, 2000, and a letter from Lafourche Parish President Gerald "Buzz" Breaux to this office dated October 23, 2000) govern our response.
1) According to the Charter, resolutions are acts of the Council which do not have the force of law. These resolutions serve several purposes. The Council should use resolutions to ratify the President's appointment of a chief administrative officer and such department heads as provided by ordinance. LPHRC Article II, Section B(2). The Council should use resolutions to establish commemorative days, weeks, months, and years. LPHRC Article III, Section G.
(1). The Council should use resolutions to approve contracts as well as to authorize a person to sign or execute (on behalf of the Council) a pre-approved contract. LPHRC Article III, Section G (2)(3). The Council should use resolutions to authorize a person to execute, sign, or countersign a check or draft written on the Council's account. LPHRC Article III, Section G (3). The Council should also use resolutions to declare a statement of public policy. LPHRC Article III Section (4). Public Policy is "community common sense and common conscience, extended and applied throughout the [parish] to matters of public morals, health, safety, welfare, and the like; it is that general and well-settled public opinion relating to man's plain, palpable duty to his fellowmen, having due regard to all circumstances of each particular relation and situation." Black's Law Dictionary, Sixth Edition; West Publishing Co., St. Paul, Minnesota, 1990. The Council's power to make resolutions is not limited to the above incidents but should concern the same type of issue (i.e. internal Council matters). LPHRC Article III, Section G.
2) Because resolutions do not have the force of law, the President is not bound to enforce them as such; whereas, the President is bound to enforce ordinances which do have the force of law. A President may be affected by the failure of the Council to ratify his appointment of an officer or a department head because he would have to appoint someone else to the position; however, there is nothing for him to enforce. The establishment of a commemorative period would not be subject to the enforcement of the President because the President would not be able to force citizens to celebrate a particular meaning associated with a date or dates. The President would not have the power to enforce an agency relationship set up by the council for the performance of council business because the President does not himself have the power to conduct or participate in council business. Likewise, the President would have no reason to interfere with the official values that the council has decided to use to govern their actions because the policy statements made by the council only reflect the values of the council and not the rest of the Parish government. Therefore, the kinds of actions occurring through resolution are mainly internal to the Council itself and would not be subject to the enforcement of the President.
3) LPHRC Article II, Section A (12)(f) states that the Council may appoint or remove as legislative employees, an independent auditor, and the council clerk and fix their compensation. Resolution No. 11-018-A only provides that the Council has resolved to hire a Clerk. This was unnecessary because the LPHRC already stated that the Council has the power to do so. The resolution did not fix compensation for the Clerk, nor did the resolution name the newly appointed clerk.
4) The Council has the power to name a clerk. LPHRC Article II, Section A (12)(f). The naming of the Clerk involves an internal Council matter, which appears to be the type of action that may be handled through resolution. LPHRC Article III, Section G.
5) The establishment of salary and benefits is not a statement of public policy. The establishment of a salary and benefits (including the use of a Parish vehicle and reimbursement for mileage) for Clerks would be an expenditure of Parish funds. In order to make an expenditure, the Council must first make an appropriation of Parish funds because if there is no appropriation of funds for a specific purpose, then there are no funds to be spent to that end. Any appropriation of Parish funds has to be accomplished through ordinance. LPHRC Article IV, Section A (3). Therefore, the general establishment of salary and benefits as well as the appropriation of the funds to honor them would have to be accomplished through ordinance.
6) A Parish vehicle may only be purchased with funds either appropriated or budgeted for that purpose. If there is an ordinance with states that the Clerk is entitled to the use of a Parish vehicle, and there are funds either budgeted or appropriated for the purpose of purchasing such a vehicle, then a vehicle must be purchased from those funds. However, if there has been neither an appropriation of funds nor a budgeting of funds for that purpose, then the Parish President has no duty to purchase a vehicle. Likewise, if there is no ordinance entitling the Clerk to such a vehicle, then the Parish President is not bound to provide one for the Clerk's use.
7) The President is only required to reimburse the Clerk for expenses where the current ordinances provide for such reimbursement. If mileage and/or maintenance on the Clerk's vehicle are not provided for by ordinance, then the President has no duty to provide such reimbursement. If existing ordinances do not provide for such reimbursement, then no such reimbursement can be provided until the current ordinance is amended or a new ordinance is passed to provide for such reimbursement.
If you have any further questions concerning this matter, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, Jr./mjb